BRADLEY H. SPEAR - SBN 133371 (On Suspension)
20943 Devonshire St., Suite 206
Chatsworth, CA 91311
(818) 344-5100 - Phone
(818) 337-7134 - Fax

Party In Interest, In Pro Per

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CASE NO. 1:12-BK-11446-AA |
| DAVID MICHAEL PARIS, | Chapter 7 |
| DEBTOR. | **COURT ORDERED BRIEFING OF BRADLEY H. SPEAR, FORMER SPECIAL LITIGATION COUNSEL TO TRUSTEE, IN SUPPORT OF HIS APPLICATION FOR COMPENSATION** |
| | Date:  April 17, 2017 |
| | Time:  10:30 a.m. |
| | Place:  Courtroom 303 |
| |   21041 Burbank Blvd. |
| |   Woodland Hills, CA 91367 |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:**

**PLEASE TAKE NOTICE** that the within brief is made in compliance with the March 8, 2017 Order of the Court. The primary issue raised by His Honor, among others is whether, pursuant Federal Rules of Bankruptcy Procedure Rule 2014(a) (citing to 11 U.S.C. §327(a)), Bradley H. Spear (Spear), through his "connections with the debtor", was obligated to make disclosure in the application for his employment that the terms of his Retainer agreement with Debtor had the legal effect of creating a 'lien' in his favor for the services he provided on behalf of Debtor against the settlement proceeds from the State Court case. The Court's Order limits Spear's briefing to 5 pages.

1

**1.      FRBP RULE 2014(a) HAS NO APPLICATION TO SPEAR'S STATE COURT LIEN**

The Court has cited Spear to *In Re Park-Helena Corp. v. Chartwell Financial Corp.* 63 F.3d 877 (1995), a case where the offending law firm in its application claimed that it's $150,000 retainer (a non-contingency retainer agreement) came from the debtor corporation, when it actually had come from the debtor's president. In denying the law firm's fee request, the Court of Appeals concluded it violated 2014(a) by failing to disclose *in a verified statement* (1) the true source of the retainer, and (2) the firm's connections to the debtor's president.

Here, Spear did not fail to disclose his retainer agreement with debtor, nor did he fail to disclose his connections to debtor. Moreover, in denying the law firm's fees the *In Re Park-Helena Corp.* court never addressed the issue of whether the law firm's **fees <u>earned</u> pre-petition** would, or could, be denied as a result of the failures to disclose pursuant to Rule 2014(a). There, it appears the law firm had earned and paid itself nearly $10,000 in fees by the time it made its Application for Compensation, but the Court of Appeals made no issue of this and did not seek disgorgement of that amount, only addressing and denying the firm's post-Application fees of $74.497.30.

Spear incorporates by reference the entirety of the briefing of his Application for Compensation and Reply Brief (Doc. Nos. 191 and 210) and his Response and Request for Hearing Re: Trustee's Motion for Order Approving Compromise with Providence Holy Cross Medical Center regarding the Ninth Circuit Court of Appeals opinion in *In the Matter of Pacific Far East Line, Inc. v. Official Creditor Committee*, 254 F.2d 664 (1981) (*Pacific Far East*).

The Court of Appeals in *Pacific Far East* explained, unequivocally, how California law and not Federal is controlling, at pages 669-670, as follows:

> ". . . . Under California law, the lien takes effect from the date it was created; upon the fund's production, the lien attaches to the specific asset. [citations omitted] Under this view, correctly followed by the court below, the lien takes effect from the date of creation in 1974 and thus has priority.
> The final question presented is whether the courts below erred in setting the amount of the fee. Under the bankruptcy court's ancillary jurisdiction, it has the power to decide state law claims necessary to the resolution of the bankruptcy proceeding. [citations omitted]  Here, this jurisdiction included the authority to determine the validity and amount of Alioto's lien under California law. [citations omitted] . . . . . <u>But federal standards are not directly applicable; the lien was created by state law, and thus state law standards apply to its measure.</u>"   [Emphasis added]

It follows, thus, that while Rule 2014(a) applies to Spear's representation of the Trustee, it has no control over Spear's lien created by the February 4, 2011 retainer agreement between he and Debtor. California law as it relates to Spear's lien is not preempted by Rule 2014(a).

The alternative would be to grant the Court the power to take away, retroactively, what was vested in Spear and rightfully earned by him in advance of his having any involvement with Trustee and the Estate. In *Viva! Intern. Voice For Animals v. Adidas Promotional Retail Operations, Inc.* (2007) 41 Cal.4th 929, 938, 63 Cal.Rptr.3d 50, 55, 162 P.3d 569, 573, it was discussed as follows:

> "There is a presumption against federal preemption in those areas traditionally regulated by the states: "[W]e start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." (*Rice v. Santa Fe Elevator Corp., supra,* 331 U.S. at p. 230, 67 S.Ct. 1146; accord, *Bates v. Dow Agrosciences LLC* (2005) 544 U.S. 431, 449, 125 S.Ct. 1788, 161 L.Ed.2d 687; *Bronco Wine Co. v. Jolly, supra,* 33 Cal.4th at p. 974, 17 Cal.Rptr.3d 180, 95 P.3d 422 [in areas of traditional state regulation, a "strong presumption" against preemption applies and state law will not be displaced "unless it is clear and manifest that Congress intended to preempt state law"]; *Olszewski v. Scripps Health, supra,* 30 Cal.4th at p. 815, 135 Cal.Rptr.2d 1, 69 P.3d 927 [presumption against preemption " 'provides assurance that the "federal-state balance" [citation] will not be disturbed unintentionally by Congress or unnecessarily by the courts' "].)"

*Pacific Far East* reveals that there is no 'clear and manifest' intent by congress to preempt California law on the issue, and neither Rule 2014(a) nor any other statute clearly manifest the intent that bankruptcy law or any other federal law preempt California law as it relates to Spear's lien.

Spear's lien amount, from February 4, 2011 to the September 24, 2014 effective date of his employment as Special Litigation Counsel for Trustee, totaled $305,180. That is the amount for which Spear could be compensated on his state court lien alone.

**2.    SPEAR'S APPLICATION COMPLIED WITH FRBP RULE 2014(a)**

Spear complied with Rule 2014(a) when he attached the retainer agreement and declared that Trustee seeks to employ him in accordance with his retainer agreement with Debtor, describing the terms of the retainer agreement and that he will be paid against any gross recoveries received.

Under California Law, Spear's Application for Employment (a true and correct copy is attached hereto as Exhibit "A") gave notice to both the Trustee and the Court of Spear's lien rights.

Spear's declaration in his Application, Doc. No 87, at page 11 of 26, lines 7-16, provides as follows:

> "The Trustee seeks to employ the Spear Law Firm in accordance with the retainer agreement entered into between the Spear Firm and the Debtor on February 4, 2011 (the "Retainer Agreement"). Attached hereto as Exhibit "2" is a copy of the Retainer Agreement. The terms of the Retainer Agreement provide that the Spear Law Firm shall obtain: (1) 35% of any gross recoveries received before the complaint is filed and litigation begins; or (2) 40% of any gross recoveries received after the complaint is filed and litigation begins. The Debtor is also required to reimburse the Spear Law Firm from the gross recoveries for any litigation costs advanced. The Spear Law Firm has not received a retainer nor will it receive a lien in property of the Debtor with respect to its representation. The Estate will not be obligated to pay any fee to the Spear Law Firm if no recovery is made."

Spear continues, at page 11 of 26 of Doc. No 87, lines 23-24, where he further declares: "Since being retained by the Debtor, the Spear Law Firm has represented the Debtor in all aspects of the Personal Injury Action". Finally, at page 12 of 26, Spear declares at lines 20-21: "Except as set forth herein, to the best of my knowledge, the Spear Law Firm does not hold or represent any interest materially adverse to the Debtor or his estate."

In *In re Azevedo* (Bankr. E.D. Cal. 1988) 92 B.R. 910, 910–11, the court in discussing the 1987 amendment to Rule 2014(a) stated:

> "The disclosure of connection has been required for more than sixty years. While no specific language is required under the amended Bankruptcy Rule 2014(a), the verification must touch all the bases and **set forth in affirmative terms the professional's relationship with the debtor** *and* with creditors *and* with any other party in interest, *and* their respective attorneys and accountants. Normally, all the bases will have been touched if, after the required disclosures of any actual connections, the verification closes with the statement: "Except as set forth above, I have no connection with the debtor, creditors, or any other party in interest, their respective attorneys and accountants." **If the statement appears to be complete, raises no concerns, and if the court has no reason to doubt its veracity, the application normally will be approved.**" [Emphasis added]

Presumably Judge Ahart, prior to approving Spear's Application, read and reviewed it and found it to be complete, with no concerns raised, and no reason to doubt his veracity.

The *In Re Park-Helena Corp.* court's reasoning and intent behind the denial of the law firm's fee application in that case becomes clear where, at 63 F.3d 881-882, it states as follows:

"The bankruptcy court found that Neben & Starrett's conduct also violated Fed.R.Bankr.P. 2014(a), which requires that a firm's Application for Employment disclose "all of the [applicant's] connections with the debtor, creditors, [or] any other party in interest...." **This rule assists the court in ensuring that the attorney has no conflicts of interest and is disinterested, as required by 11 U.S.C. § 327(a).** The bankruptcy court found a Rule 2014 violation because Neben & Starrett failed to disclose that Meyer, who was a "party in interest," paid the $150,000 retainer to Neben & Starrett out of his personal account " [Emphasis added]

This language clearly marks the court's intent that it's ruling reflects the conflict of interest and the fact that the law firm was not disinterested. That is not the case here, as Spear was employed pursuant to § 327(e), and the 'disinterested' issue is moot (see Exhibit "A", at page 5, lines 5-6).

Further, **the existence of Spear's lien neither establishes a conflict of interest nor makes him a party in interest to the settlement proceeds.** The court in *Fletcher v. Davis* (2004) 33 Cal.4th 61, 70, 14 Cal.Rptr.3d 58, 65, 90 P.3d 1216, 1222, addresses the issue as follows:

"The Restatement Third of the Law Governing Lawyers is in accord. Under the Restatement, a lawyer "may contract *in writing* with the client for a lien on the proceeds of the representation to secure payment for the lawyer's services and disbursements in that matter." (Rest.3d Law Governing Lawyers (2000) § 43, subd. (2)(a), p. 306, italics added.) The requirement of a writing "ensures that the client has notice that the lawyer may detain part of any recovery and an opportunity to bargain for a different result [citation]. *The requirement of a writing also permits third parties to verify the lien's existence and provisions.*" (*Id.,* § 43, com. e, p. 309.)" [Emphasis added]

Pursuant to *Fletcher*, the retainer agreement permitted the Trustee, the Court and third parties to verify the existence and provisions of Spear's lien. Of course, Trustee made clear that she knew of these facts when, at Doc. 87, page 7, lines 16-19, she included in the Application the following:

"32. Other than disclosed herein, the Spear Law Firm is not a creditor of the Debtor. The Spear Law Firm is a creditor of the Debtor, per the Retainer Agreement, to the extent that it is entitled to recover compensation for its work performed and reimbursement for any expenses advanced in the Personal Injury Action."

This provision clearly gave Judge Ahart notice of Spear's lien rights before he approved the Application. The court in *Isrin v. Superior Court of Los Angeles County* (1965) 63 Cal.2d 153, [45 Cal.Rptr. 320, 403 P.2d 728, provides greater understanding at 53 Cal.2d 159, as follows:

"It is based, as in the case of a lien proper, **on the natural equity that a party should not be allowed to appropriate the whole of a judgment in his favor**

**without paying for the services of his attorney in obtaining such judgment."** [Emphasis added]

The *Isrin* court, addressing whether a contingency fee attorney maintains an interest in the subject matter of the case, provided further elucidation to its opinion:

"Similar conclusions have been reached in those cases in which the attorney has attempted to intervene in his client's action to resolve a dispute over fees. We recently restated the settled rule that 'The right of an attorney to intervene for the purpose of settling a dispute between him and his client as to attorney's fees for services rendered in the same action is limited to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of another to prosecute the action.' [citations omitted] and cases cited.) Here, too, the decisions uniformly hold that such an interest is not created by the execution of a contingent fee contract [citation omitted], even where the client 'assigns' to the attorney a proportionate share of the eventual proceeds [citation omitted] or expressly grants the attorney a 'lien' to secure his fee. [citation omitted] . . . ."

**"From the foregoing analyses the conclusion emerges that in litigation an attorney conducts for a client he acquires no more than a professional interest. To hold that a contingent fee contract or any 'assignment' or 'lien' created thereby gives the attorney the beneficial rights of a real party in interest, with the concomitant personal responsibility of financing the litigation, would be to demean his profession and distort the purpose of the various acceptable methods of securing his fee . . . ."** [Emphasis added]

"As Judge Otis well reasoned in *Clark v. United States* (W.D.Mo.1932) 57 F.2d 214, 215-216" . . . **But the attorney has no interest in the case as such. He is interested in it professionally, but in no sense as a party to it. He has no present pecuniary interest in the subject-matter. The fact that he has a right by contract to participate in the proceeds of any judgment that may be obtained does not make him in any true sense of the word a party in interest.** To say one who retains a lawyer under a contingent contract prosecutes his case as trustee for that lawyer seems to me most inaccurate.'" [Id at 63 Cal.2d 160-162] [Emphasis added]

Spear's lien 'interest' is merely the method established under California law to protect and recover the contingency fees he earned as a professional, and which dictates he be compensated.

Respectfully submitted,

DATED:   March 17, 2017

Party In Interest

*/s/ Bradley H. Spear*
By: Bradley H. Spear, In Pro Per

# EXHIBIT 'A'

1  EDWARD M. WOLKOWITZ (SBN 68298)
2  JEFFREY S. KWONG (SBN 288239)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
5  Email: EMW@LNBYB.COM; JSK@LNBYB.COM

6  Proposed Attorneys for Nancy J. Zamora,
7  Chapter 7 Trustee

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11             SAN FERNANDO VALLEY DIVISION

12

13

14  In re                          Case No. 1:12-bk-11446-AA

15  MICHAEL DAVID PARIS,           Chapter 7

16       Debtor.

17                                 APPLICATION OF CHAPTER 7
                                   TRUSTEE TO EMPLOY THE LAW
18                                 OFFICES OF BRADLEY H. SPEAR AS
                                   SPECIAL LITIGATION COUNSEL
19                                 PURSUANT TO §§ 327(e) and 328;
                                   DECLARATION OF BRADLEY H.
20                                 SPEAR IN SUPPORT THEREOF

21                                 [No Hearing Required Pursuant to Local
                                   Bankruptcy Rule 2014-1(b)(1)(C)]
22

23

24

25

26

27

28

1

1  **TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3      Nancy J. Zamora, the duly appointed Chapter 7 Trustee (the "Trustee") for the

4  bankruptcy estate of Michael David Paris (the "Debtor"), hereby files this application (the

5  "Application"), pursuant to 11 U.S.C. § 327, Federal Rule of Bankruptcy Procedure 2014 and

6  Local Bankruptcy Rule 2014-1(b), for authority to employ Bradley H. Spear of the Spear Law

7  Firm (the "Spear Law Firm") as her special litigation counsel in the Debtor's personal injury

8  action filed in the Superior Court of California (the "State Court"), effective as of September

9  26, 2014, and upon the terms and conditions described below. In support of the Application, the

10  Trustee respectfully represents as follows:

11  **A.    Background.**

12      1.    The Debtor commenced his bankruptcy case by filing a voluntary petition under

13  Chapter 7 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on February 15, 2012 (the

14  "Petition Date").

15      2.    Amy L. Goldman (the "Prior Trustee") was appointed as the Chapter 7 Trustee

16  for the Debtor's bankruptcy estate.

17      3.    On the Petition Date, the Debtor filed his Schedules of Assets and Liabilities

18  and Statement of Financial Affairs (the "Initial Schedules"). In his initial Schedule B (Personal

19  Property), the Debtor did not list any "contingent and unliquidated claims" of any nature –

20  including any interest in his prepetition personal injury lawsuit, alleging claims of premises

21  liability, personal injury, loss of wages, and loss of earnings capacity (the "Personal Injury

22  Claim"). The Personal Injury Claim resulted when the Debtor fell and sustained injuries at a

23  property site, where construction was underway.

24      4.    The Personal Injury Claim was based upon that certain complaint filed on

25  September 25, 2012 by the Debtor against Mojeda Daneshrad, Paley Commercial Real Estate,

26  Inc., Louisville Ladder, Inc. ("Louisville Ladder"), Alan B. Smith, and American Lending and

27  Realty, Inc. (collectively, the "Defendants") in the Los Angeles Superior Court, which

28

2

1   commenced a case bearing the number PC052997 (the "Personal Injury Action").

2       5.      The Debtor did not claim any exemption in his initial Schedule C for the

3   Personal Injury Claim, the Personal Injury Action, or the proceeds of the Personal Injury Claim

4   and the Personal Injury Action.

5       6.      On March 22, 2012, the Prior Trustee filed her Final Report of Trustee in a No

6   Asset Case in connection with the Debtor's case.

7       7.      On June 5, 2012, the Court entered an order closing the Debtor's bankruptcy

8   case.

9   **B.    The Reopening Of The Debtor's Case.**

10      8.      Recently, the Prior Trustee received information that the Debtor omitted the

11  Personal Injury Action from his Initial Schedules.

12      9.      Accordingly, on June 20, 2014, the Debtor filed a motion to reopen the case (the

13  "Motion to Reopen") to amend his schedules and to enable the Trustee to administer the

14  Personal Injury Action, an asset of the Debtor's estate that was previously undisclosed.

15      10.     On June 20, 2014, the Debtor filed an amended Schedule B to list the Personal

16  Injury Action as an asset of the estate with a value of $2,500,000.  The Debtor also filed an

17  amended Schedule C to claim an exemption in the Personal Injury Action under C.C.P. §

18  704.140 in "the amounts necessary for the support" of the Debtor.

19      11.     The Debtor amended Schedules B and C again on July 15, 2014 – listing the

20  Personal Injury Action as an asset of the estate with an "unknown" value, and claiming an

21  exemption of $25,400 in the Personal Injury Action under C.C.P. § 703.140(b)(5).

22      12.     On July 29, 2014, the Court entered an order granting the Motion to Reopen,

23  reopening the Debtor's bankruptcy case.

24      13.     The UST filed a notice appointing the Prior Trustee as the trustee in the

25  Debtor's reopened Chapter 7 bankruptcy case on July 30, 2014.

26      14.     On August 1, 2014, the Prior Trustee filed a Notice of Assets and Claims Bar

27  Date.

28

3

15.    On August 25, 2014, the Debtor filed an amended Schedule B to list the Personal Injury Action as an asset of the estate with a value of $2,500,000. The Debtor also claimed a $2,500,000 exemption in the Personal Injury Action under C.C.P. § 704.140.

16.    On September 26, 2014, the Prior Trustee resigned as the bankruptcy case trustee, and the Trustee was appointed as the chapter 7 trustee in this case.

**C.    The Pending Personal Injury Action and the Settlement with Louisville Ladder, Inc.**

17.    The Personal Injury Action is currently pending in the State Court against the various Defendants.

18.    Recently, the Debtor agreed to settle his claim against defendant Louisville Ladder for $29,900 (the "Settlement Amount"), in exchange for dismissal of his claim against Louisville Ladder.

19.    Louisville Ladder subsequently tendered the Settlement Amount to the Spear Law Firm on behalf of the Debtor, which was deposited into the Spear Law Firm's client trust account. The Spear Law Firm applied its 40% contingency fee ($11,960) and reimbursed itself for costs advanced for the litigation ($11,152). There is currently $6,788 left of the Settlement Amount in the Spear Firm's client trust account. Attached hereto as **Exhibit "1"** is an accounting of the Spear Firm's application of the Settlement Amount.

**D.    The Need For Special Litigation Counsel.**

20.    The Trustee requires special litigation counsel to assist the Trustee in connection with the litigation, settlement, and collection efforts in the Personal Injury Action for the benefit of the Debtor's estate and creditors. Specifically, the Trustee requires special litigation counsel to: (i) continue prosecution efforts in the Personal Injury Action, (ii) negotiate and document any settlements in the Personal Injury Action, (iii) obtain Court approval of any settlements in the Personal Injury Action, and (iv) perform any other services which may be appropriate in the Spear Law Firm's representation of the Trustee with regards to the Personal Injury Action.

21.     As the Chapter 7 Trustee in the Debtor's reopened bankruptcy case, the Trustee requires the assistance of special litigation counsel to continue to prosecute the Personal Injury Action and obtain the proceeds for the benefit of the estate.

### i.  Employment Pursuant to 11 U.S.C. § 327(e)

22.     The Trustee seeks to employ the Spear Law Firm pursuant to 11 U.S.C. § 327(e). That subsection provides, in pertinent part, that a trustee "may employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). The Spear Firm has represented the Debtor in all aspects of the Personal Injury Action, and the Trustee seeks to employ the Spear Firm for the specified special purpose of continuing the litigation, settlement, and collection efforts in the Personal Injury Action. Both the Trustee and the Spear Law Firm believe and assert that the employment of the Spear Firm is in the best interest of the estate. Furthermore, the Trustee and the Spear Law Firm believe and assert that the Spear Law Firm does not represent or hold any interest adverse to the estate with respect to its representation of the Trustee in the Personal Injury Action.

23.     Prior to the Petition Date, on February 4, 2011, the Debtor entered into an attorney retainer agreement with the Spear Law Firm (the "Retainer Agreement"). Attached hereto as **Exhibit "2"** is a copy of the Retainer Agreement. The terms of the Retainer Agreement provide that the Spear Law Firm shall obtain: (1) 35% of any gross recoveries received before the complaint is filed and litigation begins; or (2) 40% of any gross recoveries received after the complaint is filed and litigation begins. The Debtor is also required to reimburse the Spear Firm from the gross recoveries for any costs advanced. The Spear Law Firm has not received a retainer. The Estate will not be obligated to pay any fee to the Spear Law Firm if no recovery is made.

24.     As a matter of disclosure, the Debtor has, prior to this Application agreed to settle his claim against Louisville Ladder for $29,900, in exchange for dismissal of his claim

1   against Louisville Ladder.  Louisville Ladder subsequently tendered the Settlement Amount to

2   the Spear Law Firm on behalf of the Debtor, which was deposited into the Spear Law Firm's

3   client trust account.  The Spear Law Firm applied its 40% contingency fee ($11,960) and

4   reimbursed itself for costs advanced for the litigation ($11,152).  There is currently $6,788 left

5   of the Settlement Amount in the Spear Law Firm's client trust account.  Except as disclosed

6   herein, the Spear Law Firm has not received any other compensation in connection with its

7   representation of the Trustee or the Debtor in regards to the Personal Injury Action.

8         25.      The Trustee intends to seek Bankruptcy Court approval for the Louisville

9   Ladder settlement.  Spear understands that to the extent the settlement is not approved this

10   Court may require disgorgement of any sums paid to Spear.

11         26.      Notwithstanding the Retainer Agreement described in paragraph 23 above, the

12   Spear Law Firm understands and has agreed that compensation for its services shall be such

13   sums as may be allowed under the Bankruptcy Code, in accordance with law, the parties'

14   contingency agreement, the time spent and services rendered, the results achieved, the

15   difficulties encountered, the complexities involved, and other appropriate factors.

16         27.      The Spear Law Firm is well qualified to act as the Trustee's special litigation

17   counsel.  Since being retained by the Debtor, the Spear Law Firm has represented the Debtor in

18   all aspects of the Personal Injury Action.  The employment of the Spear Firm would obviate the

19   need for new counsel to familiarize itself with the facts of the Personal Injury Action.  Based

20   on the foregoing, the Trustee believes that it would be in the best interest of the bankruptcy

21   estate to employ the Spear Law Firm as special litigation counsel while the bankruptcy case is

22   pending.

23         28.      As set forth in more detail in the resume of Bradley H. Spear attached hereto as

24   **Exhibit "3"**, Bradley H. Spear and the Spear Law Firm specializes in the practice of personal

25   injury, and has over twenty-six years of experience representing clients in personal injury

26   matters.  All attorneys associated with the Spear Firm who will render services in the Personal

27   Injury Action are duly admitted to practice law in the courts of the State of California.

28

ii.    **Employment Pursuant to 11 U.S.C. § 327(e)**

29.    The Spear Law Firm understands the provisions of 11 U.S.C. Section 327(e), which require, among other things, Court approval of the Trustee's employment of the Spear Law Firm as special litigation counsel. The Spear Law Firm seeks to be compensated for its services and reimbursed for expenses advanced pursuant to 11 U.S.C. § 328, without the need for a further application for compensation.  The Retainer Agreement provides that the Spear Law Firm will receive a contingency fee of forty percent (40%)[1] of all gross monies recovered from the Personal Injury Action.

30.    The Spear Law Firm understands that the Trustee is the real party in interest to the Personal Injury Action and that she will have the sole discretion to decide whether to recommend a settlement for approval.

31.    The Spear Law Firm further understands that the net litigation proceeds will be paid to the Estate, and the Bankruptcy Court will decide how the proceeds will be allocated.

32.    Other than disclosed herein, the Spear Law Firm is not a creditor of the Debtor. The Spear Law Firm is a creditor of the Debtor, per the Retainer Agreement, to the extent that it is entitled to recover compensation for its work performed and reimbursement for any expenses advanced in the Personal Injury Action.

33.    The Spear Law Firm is not an equity security holder or an insider of the Debtor.

34.    To the best of its knowledge, the Spear Law Firm does not have any previous connection with any insider of the Debtor or any insider of an insider of the Debtor.

35.    To the best of the Spear Law Firm's knowledge, it does not hold or represent any interest materially adverse to the Debtor or his bankruptcy estate.

36.    Other than as set forth herein, the Spear Law Firm has no prior connection with the Debtor, any creditors of the Debtor or his estate, or any other party in the Debtor's case, or

---

[1]  The Complaint has been filed, and litigation in the Personal Injury Action has begun in the State Court.

1   any of his respective attorneys or accountants, the United States Trustee or any person

2   employed by the United States Trustee.

3       37.    The Spear Law Firm is not and was not an investment banker for any

4   outstanding security of the Debtor. The Spear Law Firm has not been within three years before

5   the Petition Date an investment banker for a security of the Debtor, or an attorney for such an

6   investment banker in connection with the offer, sale or issuance of any security of the Debtor.

7       38.    Neither the Spear Firm nor any member of the Spear Law Firm is, nor was,

8   within two years before the Petition Date, a director, officer or employee of the Debtor or of

9   any investment banker for any security of the Debtor.

10       39.    The Trustee believes that her employment of the Spear Law Firm upon the terms

11   and conditions set forth above is in the best interest of the Estate.

12       40.    A true and correct copy of the Notice of this Application, which was filed and

13   served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as **Exhibit "4"**

14   hereto.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

8

1    **WHEREFORE**, the Trustee respectfully requests that the Court approve her

2    employment of the Spear Firm as special litigation counsel in the Debtor's case, effective as of

3    September 26, 2014, and upon the terms and conditions set forth in this Application.

4    Date: November _11_, 2014

5

6    _Nancy J. Zamora_

7    Nancy J. Zamora,
     Chapter 7 Trustee

8

9    Presented By:
     LEVENE, NEALE, BENDER, YOO & BRILL L.L.P

10

11

12    By:___/s/ Edward M. Wolkowitz_____
         Edward M. Wolkowitz

13       Jeffrey S. Kwong
         Proposed Attorneys for Nancy J. Zamora,

14       Chapter 7 Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

## DECLARATION OF BRADLEY H. SPEAR, ESQ.

I, Bradley H. Spear, Esq., hereby declare as follows:

1.     I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.     I am the principal member of the Spear Law Firm (the "Spear Law Firm"). I am an attorney licensed to practice law in the State of California.

3.     The Debtor commenced his bankruptcy case by filing a voluntary petition under Chapter 7 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on February 15, 2012 (the "Petition Date").

4.     The Trustee has filed this application (the "Application"), pursuant to 11 U.S.C. § 327, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1(b), for authority to employ the Spear Law Firm as special litigation counsel in connection with the prosecution and collection of any proceeds in regards to the Debtor's personal injury action (Case Number PC052997) filed in the California Superior Court on September 25, 2012 (the "Personal Injury Action").

5.     The Personal Injury Action is currently pending in the California Superior Court against defendants Mojdeh Daneshrad, Paley Commercial Real Estate, Inc., Louisville Ladder, Inc. ("Louisville Ladder"), and Alan B. Smith (collectively, the "Defendants").

6.     Recently, the Debtor agreed to settle his claim against Defendant Louisville Ladder for $29,900 (the "Settlement Amount"), in exchange for dismissal of his claim against Louisville Ladder. The Debtor was unaware that Bankruptcy Court approval was required for the settlement.

7.     Louisville Ladder subsequently tendered the Settlement Amount to the Spear Firm on behalf of the Debtor, which was deposited into my firm's client trust account. The Spear Law Firm applied its 40% contingency fee ($11,960) and reimbursed itself for costs advanced for the litigation ($11,152). There is currently $6,788 left of the Settlement Amount in my firm's client trust account. Attached hereto as **Exhibit "1"** is a true and correct

1  accounting of my firm's application of the Settlement Amount.

2      9.    Except as disclosed herein, the Spear Law Firm has not received any other

3  compensation in connection with its representation of the Trustee or the Debtor in regards to

4  the Personal Injury Action. I am aware that the Trustee will seek the approval of the

5  Bankruptcy Court for the Louisville Ladder settlement and that this Court may require me to

6  disgorge any sums I was previously paid if the settlement is not approved.

7      8.    The Trustee seeks to employ the Spear Law Firm in accordance with the retainer

8  agreement entered into between the Spear Firm and the Debtor on February 4, 2011 (the

9  "Retainer Agreement"). Attached hereto as **Exhibit "2"** is a copy of the Retainer Agreement.

10 The terms of the Retainer Agreement provide that the Spear Law Firm shall obtain: (1) 35% of

11 any gross recoveries received before the complaint is filed and litigation begins; or (2) 40% of

12 any gross recoveries received after the complaint is filed and litigation begins. The Debtor is

13 also required to reimburse the Spear Law Firm from the gross recoveries for any litigation costs

14 advanced. The Spear Law Firm has not received a retainer nor will it receive a lien in property

15 of the Debtor with respect to its representation. The Estate will not be obligated to pay any fee

16 to the Spear Law Firm if no recovery is made.

17     9.    Notwithstanding the Retainer Agreement, I understand and have agreed that

18 compensation for my services shall be such sums as may be allowed under the Bankruptcy

19 Code, in accordance with law, the parties' contingency agreement, the time spent and services

20 rendered, the results achieved, the difficulties encountered, the complexities involved, and

21 other appropriate factors.

22     10.   The Spear Law Firm is well qualified to act as the Trustee's special litigation

23 counsel. Since being retained by the Debtor, the Spear Law Firm has represented the Debtor in

24 all aspects of the Personal Injury Action. The employment of the Spear Law Firm would

25 obviate the need for new counsel to familiarize itself with the facts of the Personal Injury

26 Action.

27     11.   As set forth in more detail in my resume attached hereto as **Exhibit "3"**, the

28

1    Spear Law Firm specializes in the practice of personal injury, and I have over twenty-six years

2    of experience representing clients in personal injury matters. All attorneys associated with the

3    Spear Law Firm who will render services in the Personal Injury Action are duly admitted to

4    practice law in the courts of the State of California.

5         12.    I understand the provisions of 11 U.S.C. Section 327(e), which require,

6    among other things, Court approval of the Trustee's employment of the Spear Law Firm.

7    The Spear Law Firm seeks to be compensated for its services and reimbursed for expenses

8    advanced pursuant to 11 U.S.C. § 328, without the need for a further application for

9    compensation.

10        13.    I understand that the Trustee is the real party in interest to the Personal Injury

11   Action and that she will have the sole discretion to decide whether to recommend a

12   settlement for approval.

13        14.    I understand that the net litigation proceeds will be paid to the Estate, and the

14   Bankruptcy Court will decide how these proceeds will be allocated.

15        15.    The Spear Law Firm is not an equity security holder or an insider of the

16   Debtor.

17        16.    Other than as set forth herein, to the best of my knowledge, the Spear Law

18   Firm does not have any previous connection with any insider of the Debtor or any insider of

19   an insider of the Debtor.

20        17.    Except as set forth herein, to the best of my knowledge, the Spear Law Firm

21   does not hold or represent any interest materially adverse to the Debtor or his estate.

22        18.    The Spear Law Firm is not and was not an investment banker for any

23   outstanding security of the Debtor. The Spear Law Firm has not been within three years

24   before the Petition Date an investment banker for a security of the Debtor, or an attorney for

25   such an investment banker in connection with the offer, sale or issuance of any security of

26   the Debtor.

27

28

12

19.  Neither the Spear Law Firm nor any member of the Spear Law Firm is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

20.  A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached hereto as **Exhibit "4"**.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of November, 2014, at Tarzana, California.

BRADLEY H. SPEAR

# EXHIBIT "1"

**SPEAR LAW FIRM**
18455 Burbank Blvd., Suite 210
Tarzana, California 91356
Tel: (818) 344-5100
Fax: (818) 344-7799

November 20, 2014

RE:    David M. Paris
       Bankruptcy Case No. 12-11446

       Paris v. Daneshrad
       Superior Court Case No. PC052997

## ACCOUNTING BREAKDOWN

Paris v. Daneshrad

Total Settlement                                                        $29,900

Payouts

| | |
|---|---:|
| Spear Law Firm – Attorney fees - 40% | $11,960.00 |
| Waxco expert fees | 5,597.00 |
| David Hagen - bankruptcy consulting fees | 3,500.00 |
| Deposition costs - Defendants Daneshrad and Paley | 1,102.00 |
| Discovery sanction against client | 500.00 |
| Medical Records | 276.00 |
| Motion Fees | 120.00 |
| Misc. Parking | 57.00 |
| Remaining in Trust | 6,788.00 |
| Total | 29,900 |

# EXHIBIT "2"

*Law Offices of*

**Bradley H. Spear**

18455 Burbank Blvd., Suite 211

Tarzana, CA 91356

(818) 344-5100

fax (818) 344-7799

# RETAINER AGREEMENT

By signing this Retainer Agreement, David M. Paris (Client) agrees that she has fully reviewed it.

## SCOPE OF SERVICES

This case involves allegations of a civil nature.  Bradley H. Spear (Attorney) agrees to prosecute a lawsuit in case on client's behalf relative to the injury incident which occurred on October 28, 2010 and in doing so will be propounding and filing all necessary documents, pleadings and motions, and attending all settlement, status or other conferences that arise, preparing appropriate demands and/or offers to compromise, conducting settlement negotiations and preparing for and conducting the trial.

Though Attorney does not expect the situation to arise in this matter, please be advised that Attorney will not undertake to represent Client in areas of practice that are deemed by Attorney, in his discretion, to be specialties outside the area of the Case or his expertise.  In the event the need for an area of specialized practice arises, Attorney will so advise Client and Client understands that he will have to obtain other counsel at additional expense.  Also, should the situation arise, Client agrees to allow Attorney, at his option, to withdraw from the Case.

Client expressly understands and agrees that at the conclusion of trial in the Case, Attorney is not obligated to prosecute or defend an appeal.  In no event will it be incumbent upon Attorney to take or resist any further actions on Client's behalf other than a motion for new trial or trial de novo, or judgment notwithstanding the verdict, without further fee arrangement between the parties.

## CLIENT'S DUTIES

Client agrees to cooperate in a timely manner with requests from Attorney, to keep Attorney informed of developments with the Case, to be present at hearings, trial or other matters where attendance is required by law, local rule, or order of the Court, and to abide by this Retainer Agreement, including payment provisions, and to keep Attorney advised always of Client's current address and telephone number.

## FEES AND COSTS

As Attorney's fee for representing Client in the Case, Client agrees to pay Attorney 35% of any gross recovery, before costs, received from the Case if it is settled any time *prior* to the date the Case if filed and litigation begins.  However, Client agrees to pay Attorney 40% of any gross recovery received from the Case through settlement or verdict in Client's favor *after* the filing of the lawsuit on client's behalf.  Client also agrees that Attorney will be paid funds directly, as a first disbursement of the gross recovery.  "Gross recovery" shall mean the total amount received, including all settlements, Med-pay reimbursements, verdicts and any other amounts received through the efforts of Attorney.

Costs, which shall be reimbursed by Client as a first priority against any gross recovery, include, but are not limited to, filing fees; discovery referee's fees; private judge's fees; arbitrator's fees; witness and expert fees and expenses; investigative and asset search fees; transportation costs both local and out of town; deposition charges; photocopying at $.20 per page; fax expenses; postage; long distance telephone expenses; computerized legal research; and any other costs which may be incurred in the proper presentation and litigation of the Case.

## DISCHARGE AND WITHDRAWAL

Client may discharge Attorney at any time. Attorney may withdraw with Client's consent at any time. Attorney reserves the right to withdraw at any time if, in his opinion, it will not be feasible to proceed with the case.

Upon notification of Attorney's withdrawal from representation, Client will execute and return a Consent to Withdrawal form and/or a Substitution of Attorney form immediately upon its receipt. After Attorney's services conclude he will, upon Client's request, make available to Client the non-work product portions of the file for the Case.

## ENTIRE AGREEMENT/DISCLAIMER OF GUARANTEE

This Retainer Agreement contains the entire agreement between Client and Attorney and supersedes any and all other negotiations and agreements, either oral or in writing, with respect to the case. Client acknowledges that no representations, inducements, promises or agreements have been made by or on behalf of any party except those covenants and agreements provided in this Retainer Agreement. Nothing in this Retainer Agreement and nothing in Attorney's statements to Client can be construed as a promise or guarantee about the outcome of the case. Attorney makes no such promises or guarantees, and his comments about the outcome of the case are expressions of opinion only.

## ADDITIONAL AUTHORITY

The undersigned hereby appoints BRADLEY H. SPEAR of the Law Offices of Bradley H. Spear to be the undersigned's true and lawful attorney for the limited purpose of signing settlement agreements and other releases and to endorse any and all settlement checks or drafts which are made payable to the undersigned alone or to the undersigned and the Law Offices of Bradley H. Spear, paid in settlement of all claims arising out of the within claim, case or litigation for which the undersigned retained the Law Offices of Bradley H. Spear.

## MODIFICATION/ CONFLICT AND CONSTRUCTION OF AGREEMENT

This Retainer Agreement may be modified by subsequent agreement of the parties only by an instrument in writing, signed by all parties. In the event of any conflict between the Retainer Agreement and any valid California statute, or as any California statute may be amended in the future, the statute will control. If any provision of this Retainer Agreement is held in whole or part to be unenforceable, void or invalid for any reason, the remainder of that provision and of this Retainer Agreement will be severable and will remain in full force. This Retainer Agreement will be governed by the laws of the state of California and any questions or disputes arising hereunder will be construed or determined according to law.

The foregoing Retainer Agreement accurately sets forth the terms of agreement and engagement of Attorney Bradley H. Spear, and is accepted as of the date set forth below.

Dated: _____2/4/11_____

_David M. Paris - Client_

Dated: _____2/4/11_____

_Bradley H. Spear, Attorney_

# EXHIBIT "3"

# SPEAR LAW FIRM

18455 Burbank Blvd., Suite 210
Tarzana, California 91356
Tel: (818) 344-5100
Fax: (818) 344-7799

## *EXPERIENCE*

**SPEAR LAW FIRM** (2011 - present) / **LAW OFFICES OF BRADLEY H. SPEAR**, (8/98 – 2010)
Private practice emphasizing plaintiffs' personal injury and civil litigation. Personal injury matters include, among others, premises liability, auto v. auto, intentional torts, sexual assaults, dog bites, products liability, malicious prosecution, employment and malpractice actions. Over 30 jury trials, several court trials, and over 100 mediations/arbitrations. Appearances in Court of Appeal. Member of CAALA.

**LAW OFFICES OF BRADLEY H. SPEAR**, (8/91 – 7/98)
As an independent contractor attorney, handled caseload of plaintiff's cases on contract basis for various firms, from inception to trial. Also handled defense end of medical malpractice and premises liability matters, with lesser emphasis on employment law, for the County of Los Angeles.

Member of Los Angeles County Bar Association and San Fernando Valley Bar Association. Member of LACBA Indigent Criminal Defense Appointments (ICDA) panel. Engaged as Los Angeles County Superior Court arbitrator, commencing 1993.

**GIRARDI, KEESE AND CRANE**, Los Angeles, CA (1/88 – 7/91)
Handled small caseload involving personal injury and wrongful death cases, with limited emphasis on medical malpractice, medical/legal audits and business litigation. Some trial and arbitration experience, with extensive handling of trial preparation, settlement and litigation.

**LAW OFFICES OF HOWARD A. LEVY**, Tarzana, CA (8/78 – 12/87)
Law Clerk with emphasis on personal injury, business litigation, real property and family law.

**SANTA BARBARA COUNTY COUNSEL**, Santa Barbara, CA (2/87 – 6/87)
Law Clerk working on corporate, business, civil rights and governmental immunity matters.

**SANTA BARBARA DISTRICT ATTORNEY**, Santa Barbara, CA (12/86 – 2/87)
Law Clerk handling research and drafting pleadings, etc. on criminal prosecutions.

**U.S. ATTORNEYS OFFICE, CIVIL DIVISION**, Los Angeles, CA (6/85 – 8/85)
Law Clerk handling business, real property and governmental immunity matters in Federal Court.

## *EDUCATION*

**UNIVERSITY OF LA VERNE COLLEGE OF LAW**
Juris Doctor – May 1987. Bar exam passed July 1987.
Student Bar Association Student Representative 1986/1987.

**UNIVERSITY OF CALIFORNIA, SANTA BARBARA**
College of Letters and Science. Bachelors of Arts, Combination Social Sciences – Spring 1984.
Primary emphasis: Economics. Secondary emphasis: Political Science and History.

## *PERSONAL*

California Real Estate Licensee 1981.
Active in recreation / athletic activities.
Semi-conversational Spanish.

# EXHIBIT "4"

1  EDWARD M. WOLKOWITZ (SBN 68298)
2  JEFFREY S. KWONG (SBN 288239)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
5  Email: EMW@LNBYB.COM; JSK@LNBYB.COM

6  Proposed Attorneys for Nancy J. Zamora,
   Chapter 7 Trustee
7

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11             SAN FERNANDO VALLEY DIVISION

12

13

14 In re                              Case No. 1:12-bk-11446-AA

15 MICHAEL DAVID PARIS,                Chapter 7

16        Debtor.
                                       NOTICE   OF   APPLICATION   OF
17                                     CHAPTER 7 TRUSTEE TO EMPLOY
                                       THE LAW OFFICES OF BRADLEY H.
18                                     SPEAR   AS   SPECIAL   LITIGATION
                                       COUNSEL PURSUANT TO §§ 327(e)
19                                     and 328
20
                                       [No Hearing Required Pursuant to Local
21                                     Bankruptcy Rule 2014-1(b)(1)(C)]
22

23

24

25

26

27

28

1

1   **PLEASE TAKE NOTICE** that Nancy J. Zamora, the duly appointed Chapter 7 Trustee

2   (the "Trustee") for the bankruptcy estate of Michael Davis Paris (the "Debtor"), has filed an

3   application (the "Application") seeking authority to employ the Law Offices of Bradley H.

4   Spear (the "Spear Law Firm") as her special litigation counsel under 11 U.S.C. § 327(e) for the

5   purpose of prosecuting the Debtor's personal injury action (the "Personal Injury Action") filed

6   in the Superior Court of California (the "State Court"), effective as of September 26, 2014, and

7   upon the terms and conditions set forth in the Application.

8   **PLEASE TAKE FURTHER NOTICE** that the Trustee requires special litigation

9   counsel to: (i) continue prosecution efforts in the Personal Injury Action, (ii) negotiate and

10   document any settlements in the Personal Injury Action, (iii) obtain Court approval of any

11   settlements in the Personal Injury Action; and (iv) perform any other services which may be

12   appropriate in the Spear Law Firm's representation of the Trustee with regards to the Personal

13   Injury Action.

14   **PLEASE TAKE FURTHER NOTICE** that, to the best of the Trustee's knowledge

15   and based upon the Declaration of Bradley H. Spear annexed to the Application (the "Spear

16   Declaration"), the Spear Law Firm and all attorneys associated with the Spear Law Firm who

17   expect to render services in this matter are "disinterested" persons as that term is defined in 11

18   U.S.C. § 101(14), do not hold or represent an interest adverse to the Trustee, the Debtor or his

19   bankruptcy estate, and do not have any connections with the Debtor, the creditors of the estate,

20   any other party in interest in the Debtor's case, or each of his respective attorneys or

21   accountants, the OUST, or any person employed by the OUST.

22   **PLEASE TAKE FURTHER NOTICE** that the Spear Law Firm has agreed to be

23   employed as special litigation counsel for the Trustee, pursuant to the terms of the retainer

24   agreement entered into between the Debtor and the Spear Law Firm on February 2, 2011 (the

25   "Retainer Agreement"), on a contingency basis of 40% of any sums recovered plus costs

26   advanced. The Spear Law Firm has not received a retainer nor will it receive a lien in property

27

28

of the Debtor with respect to his representation. The estate will not be obligated to pay any fee to the Spear Law Firm if no recovery is made.

**PLEASE TAKE FURTHER NOTICE THAT** the Spear Law Firm seeks to be compensated for its services and reimbursed for expenses advanced pursuant to 11 U.S.C. § 328, without the need for a further application for compensation.

**PLEASE TAKE FURTHER NOTICE THAT,** as a matter of disclosure, the Debtor has, prior to this Application, agreed to settle his claim against one of the defendants in the Personal Injury Action, Louisville Ladder, Inc. ("Louisville Ladder"), for $29,900 (the "Settlement Amount"), in exchange for dismissal of his claim against Louisville Ladder. Louisville Ladder subsequently tendered the Settlement Amount to the Spear Law Firm on behalf of the Debtor, which was deposited into the Spear Law Firm's client trust account. The Spear Law Firm applied its 40% contingency fee ($11,960) and reimbursed itself for costs advanced for the litigation ($11,152). There is currently $6,788 left of the Settlement Amount in the Spear Law Firm's client trust account. The Trustee intends to seek Bankruptcy Court approval for the Louisville Ladder settlement. Spear understands that to the extent the settlement is not approved this Court may require disgorgement of any sums paid to Spear. Except as disclosed herein, the Spear Law Firm has not received any other compensation in connection with its representation of the Trustee or the Debtor in regards to the Personal Injury Action.

**PLEASE TAKE FURTHER NOTICE** that the Spear Law Firm understands that the net litigation proceeds will be paid to the Estate, and the Bankruptcy Court will decide how the proceeds will be allocated.

**PLEASE TAKE FURTHER NOTICE** that any request for a copy of the Application must be made in writing to Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067, Attention: Edward M. Wolkowitz, Tel: (310) 229-1234, Fax: (310) 229-1244, Email: EMW@LNBYB.com.

1    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2014-

2    1(b)(3)(E), any response and request for a hearing, in the form required by Local Bankruptcy

3    Rule 9013-1(f)(1), must be filed and served on the Trustee, the proposed counsel for the

4    Trustee whose name and address appear at the top, left-hand corner of the first page of this

5    Notice, and the OUST no later than fourteen (14) days following the date of service of this

6    Notice.

7    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2014-

8    1(b)(4), if no response and/or request for a hearing on the Application is timely filed and

9    served, the Trustee will promptly lodge a proposed order approving the Application.

10   Dated: November 20, 2014            NANCY J. ZAMORA, CHAPTER 7 TRUSTEE

11

12                                By:    _/s/ Edward M. Wolkowitz_____
                                        EDWARD M. WOLKOWITZ
13                                      JEFFREY S. KWONG
                                        LEVENE, NEALE, BENDER, YOO
14                                          & BRILL L.L.P.
                                        Proposed Attorneys for Nancy J. Zamora,
15                                      Chapter 7 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (specify): **APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY THE LAW OFFICES OF BRADLEY H. SPEAR AS SPECIAL LITIGATION COUNSEL PURSUANT TO §§ 327(e) and 328; DECLARATION OF BRADLEY H. SPEAR IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **November 20, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Frank F Barilla     barillabklaw@yahoo.com
- Asa S Hami     ahami@sulmeyerlaw.com,
  agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
- Elizabeth Jiang     ejiang@vedderprice.com,
  elizabeth.z.jiang@gmail.com;nortega@vedderprice.com;ecfdocket@vedderprice.com
- Elissa Miller     emiller@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;emillersk@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com
- Brett Ramsaur     bramsaur@swlaw.com, kcollins@swlaw.com
- Daniel I Singer     dsinger@bplawgroup.com
- Ramesh Singh     claims@recoverycorp.com
- Paul D Spear     pdspear@spearlaw.com
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov
- Nancy J Zamora (TR)     zamora3@aol.com, nzamora@ecf.epiqsystems.com

**2. SERVED BY UNITED STATES MAIL**: On (date) **November 20, 2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Hon. Alan Ahart<br>United States Bankruptcy Court<br>21041 Burbank Boulevard, Suite 342 / Courtroom 303<br>Woodland Hills, CA 91367 | Debtor<br>Michael David Paris<br>8357 Tunney Avenue<br>Northridge, CA 91324 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **November 20, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 20, 2014 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
20943 Devonshire St., Suite 206, Chatsworth, CA 91311.

A true and correct copy of the foregoing document entitled (*specify*): **COURT ORDERED BRIEFING OF BRADLEY H. SPEAR, FORMER SPECIAL LITIGATION COUNSEL TO TRUSTEE, IN SUPPORT OF HIS APPLICATION FOR COMPENSATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 17, 2017 our office checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Frank F Barilla - INACTIVE -barillabklaw@yahoo.com
- Katherine Bunker  kate.bunker@usdoj.com
- Asa S Hami ahami@sulmeyerlaw.com; agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com
- Elizabeth Jiang ejiang@vedderprice.com; elizabeth.z.jiang@gmail.com; nortega@vedderprice.com; ecfdocket@vedderprice.com
- Jeffrey S Kwong jsk@lnbyb.com; jsk@ecf.inforuptcy.com
- Mitchell B Ludwig  mbl@kpclegal.com
- Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; emillersk@ecf.inforuptcy.com; dwalker@ecf.inforuptcy.com
- Juliet Y oh  jyo@lnbrb.com; jyo@lnbrb.com
- Brett Ramsaur bramsaur@swlaw.com; kcollins@swlaw.com
- Ramesh Singh claims@recoverycorp.com
- Paul D Spear pdspear@spearlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Edward M Wolkowitz  emw@lnbrb.com
- Nancy J Zamora (TR) zamora3@aol.com, nzamora@ecf.epiqsystems.com
- Steven G. Polard spolard@eisnerlaw.com

**2. SERVED BY UNITED STATES MAIL**:
On March 17, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
☒                                                                                          Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 30, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

Michael David Paris
17300 Roscoe Blvd., #205
Northridge, CA 91325
☒          Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 17, 2017 | Johnny Fooladi | /s/ Johnny Fooladi |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_Date_                 _Printed Name_                          _Signature_
Professionals

Andre E. Jardini
Knapp, Peterson & Clarke
550 North Brand Blvd.
Suite 1500
Glendale, CA  91203

Samuael R. Biggs
SLBIGGS, a division of
Singer Lewak
10960 Wilshire Blvd., 7th Floor
Los Angeles, CA  90024

Steven G. Polard
Eisner Jaffe APC
9601 Wilshire Blvd., Suite 700
Beverly Hills, CA  90210

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                              **F 9013-3.1.PROOF.SERVICE**