1 | Mitchell B. Ludwig, Bar No. 115903
mbl@kpclegal.com
2 | André E. Jardini, Bar No. 71335
aej@kpclegal.com
3 | KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
4 | Glendale, California 91203-1922
Telephone: (818) 547-5000
5 | Facsimile: (818) 547-5329

6 | Attorneys for Special Litigation Counsel to the Trustee

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | SAN FERNANDO VALLEY DIVISION

11

12 | MICHAEL DAVID PARIS,                    ) NO.   1:12-bk-11446-MB
                                              )
13 | Debtor.                                  ) Chapter 7
                                              )
14 |                                          ) Date:           April 17, 2017
                                              ) Time:                10:30 a.m.
15 |                                          ) Ctrm:                        303
                                              )
16 |                                          ) Judge:  The Hon. Martin R. Barash
                                              )
17 |                                          ) RESPONSIVE BRIEF OF KNAPP,
                                              ) PETERSEN & CLARKE, SPECIAL
18 |                                          ) LITIGATION COUNSEL, IN
                                              ) OPPOSITION TO BRADLEY H.
19 |                                          ) SPEAR'S APPLICATION FOR
                                              ) COMPENSATION
20 | _____

21

22

23

24

25

26

27

28

2781707.1  08000/01017

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND TO ALL PARTIES IN INTEREST:**

Special Litigation Counsel, Knapp, Petersen & Clarke (hereinafter "KPC"), presents this responsive brief in opposition to Bradley H. Spear's application for compensation.

## I.
## INTRODUCTION

KPC has achieved a settlement in the amount of $925,000. Former Special Litigation Counsel, Bradley H. Spear ("Spear"), has repeatedly claimed a lien right in the proceeds of that settlement. That lien right was not disclosed to the Court at the time Spear applied to become Special Litigation Counsel. If KPC had been aware of a significant undisclosed lien right and security interest to the proceeds of any settlement, in the amount claimed, KPC would not have agreed to serve as Special Litigation Counsel. (Declaration of André E. Jardini ("Jardini Decl." ¶ 2.) Also, because Spear voluntarily withdrew from the representation of the Trustee without justifiable cause, based on his suspension from the practice of law, no lien right exists under California law, in any event.

## II.
## SPEAR SEEKS TO ENFORCE AN UNDISCLOSED LIEN RIGHT

In his initial application for fees, Spear claimed a lien right in the settlement proceeds. (Dkt. No. 191.) In his reply to the Trustee's objection to his application for fees, it was stated boldly, "Spear maintains a secured lien against the settlement proceeds created by his retainer agreement." (Dkt. No. 210, p. 6.) Spear described this claimed right as a "security lien he maintains against the settlement funds." (Dkt. No. 210, p. 8.) Later, in a response regarding the Trustee's motion for order approving compromise, Spear claimed a security interest, arguing that his purported lien had priority. (Dkt. No. 237.)

Most recently, in his Court ordered briefing in support of his application for compensation, Spear has attempted to validate this purposed secured interest by way of lien. In fact, this "lien amount" is now stated to total $305,180. (Dkt. No. 249.)

-1-

2781707.1  08000/01017

This lien right, per Spear's argument, arose as of the time he entered into his retainer agreement with the debtor and, therefore, existed as of the time Spear applied to be appointed as Special Litigation Counsel.

## III.

## SPEAR DID NOT DISCLOSE HIS PURPORTED LIEN SECURITY INTEREST AT THE TIME HE WAS APPOINTED AS SPECIAL LITIGATION COUNSEL

There is no doubt that Spear did not disclose that he had a lien interest, that it was secured, nor its amount in the hundreds of thousands of dollars at the time he applied to become Special Litigation Counsel. In fact, Spear attested that he did not have any adverse interest to the estate. In the application for his employment it was represented that "the Spear Law Firm does not represent or hold any interest adverse to the estate with respect to its representation of the trustee in the personal injury action." (Dkt. No. 87, at p. 5.) Spear nowhere disclosed in that application that he was a creditor. In this regard, the application stated: "Other than disclosed herein, the Spear Law Firm is not a creditor of the debtor." It was further represented as follows: "To the best of the Spear Law Firm's knowledge, it does not hold or represent any interest materially adverse to the debtor or his bankruptcy estate." (Dkt. No. 87, at p. 7.)

In his declaration in support of the application, Spear specifically disavows the existence of any lien right. He states in this regard: "The Spear Law Firm has not received a retainer nor will it receive a lien in property of the debtor with respect to its representation." (Dkt. No. 87, at p. 11.)

Spear's declaration concludes: "Except as set forth herein, to the best of my knowledge, the Spear Law Firm does not hold or represent any interest materially adverse to the debtor or his estate." (Dkt. No. 87 at p. 12.)

The sole reference to prior services is at paragraph 32 of the application, but nowhere discussed in Spear's declaration, as follows:

> The Spear Law Firm is a creditor of the debtor, per the retainer
> agreement, to the extent that it is entitled to recover compensation for its work

-2-

1    performed and reimbursement for any expenses advanced in the personal
2    injury action. (Dkt. No. 87, at p.1.)
3    This language does not disclose a lien right. Nor, does it disclose a claimed security
4 interest in the debtor's assets. Nor, does it specifically state the amount of any such lien or
5 secured interest as to "work performed" or "expenses advanced."
6    Nowhere in the application for appointment as counsel did Spear disclose a lien
7 right, a security interest or the amount of any such right or interest. As such, these claimed
8 rights were entirely undisclosed to the Court, the debtor, successor Special Litigation
9 Counsel and the public.

## IV.

## THE FAILURE TO DISCLOSE A LIEN RIGHT SUPPORTS DENIAL OF ALL FEES AND COSTS TO SPEAR

13    The controlling authority in regard to disclosures by counsel of its fee arrangements
14 with the debtor is stated in *In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995). In *Park-*
15 *Helena* the Ninth Circuit affirmed a bankruptcy court decision denying all fees and costs
16 where an attorney failed to disclose the source of a retainer fee. In so doing, the Ninth
17 Circuit set forth the stringent standards applicable to disclosures and the plenary discretion
18 in the bankruptcy court to deny fees and costs to attorneys who have not fully disclosed
19 their financial relationship with the debtor.
20    Disclosures are necessary to ensure that attorneys do not have interests adverse to
21 those of the estate. The disclosures must be complete and accurate. The Court stated in
22 this regard:

> 23    A fee applicant must disclose "the precise nature of the fee
> 24    arrangement," and not simply identify the ultimate owner of the funds. (*See*
> 25    *In re Glenn Elec. Sales Corp.*, 99 B.R. 596, 600 (D.N.J. 1988); *see also In re*
> 26    *Bob's Supermarket's, Inc.*, 146 B.R. 20, 25 (Bankr. D. Mont. 1992)
> 27    ("[D]ebtor's counsel [must] lay bare all its dealings . . . regarding
> 28    compensation . . . Counsel's fee revelations must be direct and

-3-

1 comprehensive. Coy, or incomplete disclosures . . . are not sufficient.")
2 *(Park-Helena* at p. 881.) (Other citations omitted.)

The disclosure rules are applied literally, even if the results are sometimes harsh. (*See In Re Plaza Hotel Corp.*, 111 B.R. 882, 883 (Bankr. E.D. Cal. 1990.) As the *Park Helena* Court recognized, even negligent or inadvertent omissions are sanctionable, and a disclosure violation may result in sanctions "regardless of actual harm to the estate." (At p. 881.)

## V.

## SPEAR HAS VIOLATED RULE 2014(a)

Rule 2014(a) provides for employment of professional persons by the bankruptcy court. That section requires that full disclosure be made.

The *Park-Helena* Court described the duty of disclosure, as follows:

> The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest . . . They cannot pick and choose which connections are irrelevant or trivial . . . No matter how old the connection, no matter how trivial it appears, the professional seeking employment must disclose it. (At p. 882, quoting *In Re EWC, Inc.*, 138 B.R. 226, 280-287 (Bankr. W.D. Okla. 1992).)

Spear failed to disclose a lien interest, claimed to be a security interest in an amount in the hundreds of thousands of dollars, which was clearly important information to all interested parties, including KPC in its decision to serve as Special Litigation Counsel. No legitimate excuse has been tendered by Spear which would affect this obligation of complete disclosure.

Spear's reliance on the case of *In The Matter of Pacific Far East Line, Inc.*, 654 F.2d 664 (9th Cir. 1981) is unavailing. *Pacific Far East Line* is not a disclosure case invoking the requirements of Rule 2014. That case merely states that lien rights may be established according to California law. Here, those purported lien rights were never disclosed, in violation of 2014(a).

-4-

## VI.

## IN ANY EVENT, SPEAR DOES NOT HAVE A LIEN RIGHT

As an alternative rationale to deny fees to Spear, the Court is requested to find that Spear has no legitimate lien right. The lien right claimed by Spear is invalid.

If contingency fee counsel withdraws without justifiable cause, any claimed lien right is invalid under California law. *Hensel v. Cohen*, 155 Cal. App.3d 563, 564 (1985). The voluntary withdrawal by Spear as Special Litigation Counsel, abandoning the case, was necessitated by his own conduct which resulted in his disqualification to practice law for a two year period. Under such circumstances, the withdrawal was not with justifiable cause. (*See Rus, Miliband & Smith v. Conkle & Olesten*, 113 Cal. App. 4th 656, 672 (2003).)

## VII.

## CONCLUSION

Spear did not disclose fully, or at all, that he would claim a lien interest, which he claims was secured, in the hundreds of thousands of dollars against the bankruptcy estate. For this reason, any application for fees by Spear should be denied.

In the alternative, no right to fees exists, and no lien right exists, based on Spear's abandonment of the case without justifiable cause.

Dated: March 27, 2017

KNAPP, PETERSEN & CLARKE

By: /s/ *signature*
Mitchell B. Ludwig
André E. Jardini
Attorneys for Special Litigation
Counsel to the Trustee

-5-

2781707.1  08000/01017

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
550 North Brand Boulevard, Suite 1500, Glendale, CA 91203

A true and correct copy of the foregoing document entitled (*specify*): RESPONSIVE BRIEF OF KNAPP, PETERSEN & CLARKE, SPECIAL LITIGATION COUNSEL, IN OPPOSITION TO BRADLEY H. SPEAR'S APPLICATION FOR COMPENSATION
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 27, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 27, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 27, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Served by Fed Ex Overnight Mail:
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342, Courtroom 303
Woodland Hills, CA 91367

Served by Email:
Golden Eagle
Theresa Creeden
Email: Theresa.Creeden@libertymutual.com

Served by Email:
Bradley H. Spear
b.h.spear@att.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 27, 2017 | MINDY MENAHEN | /s/ Mindy Menahen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                  **F 9013-3.1.PROOF.SERVICE**

Service List:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Frank F Barilla - INACTIVE - | barillabklaw@yahoo.com |
| Katherine Bunker | kate.bunker@usdoj.gov |
| Asa S Hami | ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com |
| Elizabeth Jiang | ejiang@vedderprice.com, elizabeth.z.jiang@gmail.com; rtruong@vedderprice.com ecfdocket@vedderprice.com |
| Jeffrey S Kwong | jsk@lnbyb.com, jsk@ecf.inforuptcy.com |
| Elissa Miller | emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; emillersk@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com |
| Juliet Y Oh | jyo@lnbrb.com, jyo@lnbrb.com |
| Stephen G. Polard | stevenpolard@dwt.com, melissastrobel@dwt.com; Linapearmain@dwt.com |
| Brett Ramsaur | bramsaur@swlaw.com, kcollins@swlaw.com |
| Ramesh Singh | claims@recoverycorp.com |
| Paul D. Spear | pdspear@spearlaw.com |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |
| Edward M Wolkowitz | emw@lnbrb.com |
| Nancy J Zamora (TR) | zamora3@aol.com, nzamora@ecf.epiqsystems.com |

**SERVED BY UNITED STATES MAIL:**

Debtor Michael David Paris
8357 Tunney Avenue
Northridge, CA 91324

Biggs & Co.
3250 Ocean Park Blvd.
Ste. 350
Los Angeles, CA 90405

SL Biggs
10960 Wilshire Blvd.
7th Floor
Los Angeles, CA 90024

Bradley H. Spear
20943 Devonshire Street
Suite 206
Chatsworth, CA 91311

Jonathan Murphy
Snell & Wilmer LLP
600 ANTON Blvd., Suite 1400
Costa Mesa, CA 92626

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE