| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Bradley H. Spear - SBN 133371 (On Suspension)<br>In Pro Per<br>20943 Devonshire St., Suite 206<br>Chatsworth, CA 91311<br>(818) 344-5100 - phone<br>(818) 337-7134 - facsimile<br>b.h.spear@att.net - email<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | **FILED**<br>JUN 2 3 2017<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

</div>

| In re:<br><br>Michael David Paris<br><br><br><br>Debtor(s). | CASE NO.:1:12-BK-11446-MB<br><br>ADVERSARY NO.:<br>(*if applicable*)<br><br>CHAPTER: 7 |
|---|---|
| <br><br>Plaintiff(s) (*if applicable*).<br><br>vs.<br><br><br><br><br>Defendant(s) (*if applicable*). | <div align="center"><br><br>**NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION**</div> |

## Part 1:  Identify the appellant(s)

1.  Name(s) of appellant(s):  Bradley H. Spear _____

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐  Plaintiff
☐  Defendant
☐  Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☐  Debtor
☐  Creditor
☐  Trustee
☒  Other (*describe*):  Former Special Litigation Counsel to the Trustee

**Part 2:  Identify the subject of this appeal**

1.  Describe the judgment, order, or decree appealed from:
    Order and Statement of Decision:
    1. Denying Final Application for Compensation for Legal Services Rendered by Special Litigation
    Counsel Bradley H. Spear; and  2. Requiring Bradley H. Spear to Disgorge Sums Previously Received
2.  The date the judgment, order, or decree was entered:  06/09/2017

**Part 3:  Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1.  Party:  Nancy J. Zamora, Chapter 7 Trustee

    Attorney:

    Edward M. Wolkowitz
    Levene, Neale, Bender, Yoo & Brill L.L.P.
    10250 Constellation Blvd., Siote 1700
    Los Angeles, CA  90067

2.  Party: Knapp, Peterson & Clarke, Special Litigation Counsel to the Trustee

    Attorney:

    Michael B. Ludwig
    Knapp, Peterson & Clarke
    550 North Brand Blvd.
    Suite 1500
    Glendale, CA  91203

**Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5:  Sign below**

_____    Date: 06/23/2017
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**OTHER PARTIES TO THE APPEAL**


Party:  Providence Holy Cross Medical Center by Providence Health & Services
Attorney:
Steven G. Polard
Eisner Jaffe APC
9601 Wilshire Blvd., Suite 700
Beverly Hills, CA  90210

Party:  David Michael Paris
Attorney:
Paul D. Spear
Law Offices of Paul D. Spear
20943 Devonshire St., Suite 206
Chatsworth, CA  91311

Party:  United States Trustee
Attorney:
Katherine Bunker
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

ORDER ENTERED

# FOR PUBLICATION

FILED & ENTERED

JUN 09 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier    DEPUTY CLERK

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL DAVID PARIS,<br><br>              Debtor. | Case No.: 1:12-bk-11446-MB<br><br>Chapter 7<br><br>**ORDER AND STATEMENT OF DECISION:**<br><br>**[1] DENYING FINAL APPLICATION FOR COMPENSATION FOR LEGAL SERVICES RENDERED BY SPECIAL LITIGATION COUNSEL, BRADLEY H. SPEAR; AND**<br><br>**[2] REQUIRING BRADLEY H. SPEAR TO DISGORGE SUMS PREVIOUSLY RECEIVED** |

ORDER DENYING FEES AND STATEMENT OF DECISION

1    Bradley H. Spear ("Spear"), former contingency counsel to the chapter 7 trustee, contends

2  that he is entitled to, as compensation for services rendered to the trustee, a portion of a litigation

3  settlement negotiated by the trustee after Spear stipulated to his own suspension from law practice

4  by the California State Bar, and was replaced with substitute counsel by the trustee.

5  Notwithstanding his suspension from practice, Spear contends that under California law he holds

6  an attorneys' lien against the settlement proceeds and is entitled to be compensated from those

7  funds. Spear's request is opposed by the chapter 7 trustee, the Office of the United States Trustee,

8  and the contingency counsel that replaced him after his suspension.

9    The Court concludes below that Spear's stipulated suspension was not the sort of

10  "justifiable cause" under California law that would permit a contingency attorney law to cease

11  representation of a client but nevertheless preserve his lien in and entitlement to a share of any

12  future recovery. Spear was not compelled to withdraw as counsel to the trustee because of any

13  legal or ethical imperative arising from his representation of the trustee. Instead, Spear's inability

14  to continue representing the trustee was the result of his own voluntary acts. As such, Spear

15  forfeited his attorney's lien and any entitlement to a share of the litigation settlement.

16    The Court also concludes that Spear should be denied compensation and required to

17  disgorge all amounts he previously received pursuant *In re Park Helena Corp.*, 63 F.3d 877, 880

18  (9th Cir. 1995). Spear violated his obligations under Bankruptcy Code section 329 and Federal

19  Rule of Bankruptcy Procedure 2014 by not disclosing his asserted attorneys' lien in his application

20  to be employed by the chapter 7 trustee. To the contrary, Spear affirmatively represented in his

21  application that he did not hold and would not assert a lien in any recovery to be realized by the

22  trustee. The Court concludes that the appropriate sanction for this failure to disclose (and

23  misrepresentation) is the denial of all compensation and disgorgement of all amounts previously

24  paid to Spear.

25    **I.   PROCEDURAL BACKGROUND**

26    On November 8, 2016, Spear filed his *Final Application for Compensation for Legal*

27  *Services Rendered by Special Litigation Counsel for Chapter 7 Trustee Nancy Zamora* (the "Fee

28  Application"). Case Dkt. 191. The Court has considered the Fee Application as well as the

1

**ORDER DENYING FEES AND STATEMENT OF DECISION**

1  *Chapter 7 Trustee's Objection to Final Application for Compensation for Legal Services Rendered*

2  *by Special Litigation Counsel for Chapter 7 Trustee Nancy Zamora* (Case Dkt. 202), the *Limited*

3  *Opposition to Application for Compensation for Legal Services by Special Litigation Counsel*

4  *Bradley H. Spear* (Case Dkt. 199) filed by Knapp, Petersen & Clarke ("KPC"), and Spear's reply

5  papers in support of his Fee Application (Case Dkt. 210).

6        Following the arguments of the parties, as well as the Office of the United States Trustee, at

7  a hearing on March 8, 2017, the Court required supplemental briefing on the issue of whether,

8  based on *In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995), the Court should disapprove, and

9  require disgorgement, of all of Spear's fees. The Court has considered all of the supplemental

10  briefs of the parties as well as the arguments at the continued hearing on April 17, 2017. Case Dkt.

11  249, 253, 254, 255. Based on the foregoing, the Fee Application is ripe for decision. This Order

12  and Statement of Decision constitutes the Court's findings of fact and conclusions of law for

13  purposes of Federal Rules of Bankruptcy Procedure 7052 and 9014.

14  **II. FACTUAL BACKGROUND**

15        On or about February 4, 2011, and prior to the filing of this bankruptcy case, the Debtor and

16  Spear entered into a retainer agreement (the "Retainer Agreement") by which Bradley Spear agreed

17  to "prosecute a lawsuit . . . on client's behalf relative to the injury incident which occurred on

18  October 28, 2010 . . ." Fee Application, Exh. D. The Retainer Agreement did not expressly grant

19  Spear a lien on any recovery from the lawsuit and did not use the word "lien" anywhere in the

20  agreement. It did, however, state that as "[a]s Attorney's fee for representing Client in the Case,

21  Client agrees to pay Attorney . . . 40% of any gross recovery received from the Case through

22  settlement or verdict in Client's favor after the filing of the lawsuit on client's behalf." *Id.*

23        Before Spear filed the personal injury action contemplated by the Retainer Agreement, the

24  Debtor filed a voluntary chapter 7 petition on February 15, 2012 (the "Petition Date"). Despite

25  being represented by bankruptcy counsel, the Debtor failed to list his claims for relief based on the

26  2010 "injury incident" and did not list any "contingent and unliquidated claims" of any nature on

27  his bankruptcy schedules. The chapter 7 trustee appointed in the case (the "Former Trustee") filed

28

**ORDER DENYING FEES AND STATEMENT OF DECISION**

1  her no-asset report on March 22, 2012. The Debtor received his discharge on May 29, 2012, and

2  the bankruptcy case was closed shortly thereafter.

3       On September 25, 2012, Spear filed a personal injury lawsuit on behalf of the Debtor in

4  state court, naming Louisville Ladder, Inc. ("Louisville") and various other parties as defendants

5  (the "PI Action"). On or about April 30, 2014, the Debtor and Spear executed a settlement

6  agreement with Louisville by which Louisville agreed to pay the Debtor $29,900 (the "Louisville

7  Settlement"). Case Dkt. 92, Exh. 1.

8       In July of 2014, the Debtor, now represented by Paul Spear, the brother of Bradley Spear,

9  successfully moved to reopen this bankruptcy case and the Former Trustee was reappointed.

10  Thereafter, the Former Trustee resigned and Nancy J. Zamora was appointed as the chapter 7

11  trustee (the "Trustee") in this case.

12       On November 20, 2014, the Trustee moved to employ Spear as her special litigation

13  counsel pursuant to Bankruptcy Code sections 327(e) and 328 to represent her in the PI Action on a

14  contingency basis (the "Spear Employment Application"). Case Dkt. 87. In his declaration in

15  support of that application, Spear declared under penalty of perjury that:

16            Louisville Ladder subsequently tendered the Settlement Amount to the Spear

17            Firm on behalf of the Debtor, which was deposited into my firm's client trust

18            account. The Spear Law Firm applied its 40% contingency fee ($11,960) and

19            reimbursed itself for costs advanced for the litigation ($11,152). There is

20            currently $6,788 left of the Settlement Amount in my firm's client trust

21            account.. . . The Trustee intends to seek Bankruptcy Court approval for the

22            Louisville Ladder settlement. Spear understands that to the extent the

23            settlement is not approved this Court may require disgorgement of any sums

24            paid to Spear.

25  Case Dkt. 87, at 10:7-11:6. Spear also declared under penalty of perjury:

26            **The Spear Law Firm has not received a retainer nor will it receive a lien**

27            **in property of the Debtor with respect to its representation.**

28            Notwithstanding the Retainer Agreement, I understand and have agreed that

ORDER DENYING FEES AND STATEMENT OF DECISION

1       compensation for my services shall be such sums as may be allowed under

2       the Bankruptcy Code, in accordance with law, the parties' contingency

3       agreement, the time spent and services rendered, the results achieved, the

4       difficulties encountered, the complexities involved, and other appropriate

5       factors.

6  *Id.* at 11:14-21 (emphasis added).

7       The Court entered an order approving the Spear Employment Application on December 8,

8  2014. On June 3, 2015, the Court granted the Trustee's motion to approve the Louisville

9  Settlement and approved the distribution of $23,112 in settlement funds to Spear.

10       In 2013 and 2014, the California State Bar filed conviction proceedings against Spear,

11  pursuant to sections 6101 and 6102 of the Business and Professions Code, following three criminal

12  convictions. On or about June 19, 2015, Spear and the California State Bar entered into a

13  stipulation providing for, among other things, his two-year suspension from the practice of law,

14  effective as of November 25, 2015, in exchange for the California State Bar dismissing the charges

15  against him. Case Dkt. 202, Exh. 2. On or about December 23, 2015, Spear notified the Trustee of

16  his suspension. Case Dkt. 202, Exh. 3.

17       On January 15, 2016, the Trustee moved to employ Knapp, Petersen & Clarke, A.P.C.

18  ("KPC") as special litigation counsel to succeed Spear to represent her in the PI Action. Her

19  application was approved by the Court on February 9, 2016. Later that year, the Trustee settled the

20  PI Action with the remaining defendants paying a settlement amount of $925,000 (the "Settlement

21  Amount"). On September 14, 2016, the Trustee filed her *Motion for Order: (1) Approving*

22  *Compromise of Controversy; and (2) Establishing a Procedure for the Determination of Fees*

23  *Owed to Former Special Counsel* (the "Trustee's Settlement Motion").

24       Spear objected to the Trustee's Settlement Motion to the extent the Trustee suggested that

25  Spear might be disqualified from an award of any fees due to the suspension of his law license.

26  Case Dkt. at 181. Specifically, Spear objected to the Trustee's statement that Spear was "forced to

27  withdraw" due to the suspension of his bar license, arguing that he "never withdrew from [his]

28  representation of the Trustee." Case Dkt 181 at 9:2. Ultimately, the Court approved the final

<div align="center">4</div>

<div align="center">ORDER DENYING FEES AND STATEMENT OF DECISION</div>

1  settlement on October 21, 2016, reserving all issues regarding Spear's compensation for

2  consideration in the context of his Fee Application.

3      On November 8, 2016, Spear filed his Fee Application seeking allowance and payment of

4  $296,040 in fees, in addition to the $11,960 in fees and $11,152 in costs previously awarded to him

5  in connection with the Louisville settlement. In the Fee Application, Spear (for the first time)

6  asserted that he "maintains a lien on the state court case as a result of his retainer agreement." Case

7  Dkt. 191 at 12:1-2.

8                  III.  LEGAL ANALYSIS

9      **A.  Spear Had a Prepetition Equitable Lien on any Recovery in the PI Action.**

10     Because the Retainer Agreement stated that Debtor agreed to pay Spear "40% of any gross

11 recovery received from the Case," the agreement created an equitable lien in favor of Spear on

12 Debtor's recovery from the PI Action.  *Waltrip v. Kimberlin*, 164 Cal.App.4th 517, 525 (2008)

13 ("In California, a lien in favor of an attorney upon the proceeds of a prospective judgment may

14 either be created by express contract or implied from a retainer agreement that indicates the

15 attorney is to look to the judgment for payment of his fee").

16

17     **B.  Spear's Effective Withdrawal from Representation of the Trustee Was Permissive and
       Without Justifiable Cause.**

18     Outside of bankruptcy, the "rules on recovery after a separation between client and attorney

19 in a contingency fee case depend on exactly who wanted out of the relationship and why. The

20 simpler scenario is when the client unilaterally discharges the attorney."  *Rus, Miliband & Smith v.*

21 *Conkle & Olesten*, 113 Cal. App. 4th 656, 671 (2003).  Here, the Trustee did not discharge Spear.

22 Instead, Spear effectively withdrew from the representation by stipulating to the suspension of his

23 bar license.

24     If the client does not discharge the attorney, the issue is whether the attorney left the

25 representation with "justifiable cause so as to permit a recovery of compensation."  *Rus, Miliband*,

26 113 Cal.App.4th at 672 citing *Estate of Falco v. Decker*, 188 Cal. App. 3d 1004, 1016 (1987).  If

27 justifiable cause exists, the attorney's recovery is governed by quantum meruit rather than the

28 original contingency terms.  *Duchrow v. Forrest*, 215 Cal. App. 4th 1359, 1382 (2013).  If the

                           5

1   withdrawing attorney fails to establish justifiable cause for his withdrawal, his fee recovery must be

2   barred and he will not retain a lien against the recovery that the client may subsequently obtain.

3   *Hensel v. Cohen*, 155 Cal.App.3d 563, 564 (1984) ("we affirm the trial court's holding that the firm

4   . . . holds no lien against any recovery which . . . their former client, may subsequently obtain in his

5   pending personal injury case").  This is due to "the inequity of allowing lawyers to capitalize on

6   their own voluntary actions in leaving clients lawyerless." *Rus, Miliband*, 113 Cal. App. 4[th] at 675.

7        An attorney's right to withdraw as counsel from a case "is a 'different question' than an

8   attorney's right to withdraw and then later recover." *Rus, Miliband*, 113 Cal. App. 4[th] at 673.

9   While Rule of Professional Conduct 3-700 addresses when an attorney may withdraw (and when an

10  attorney *must* withdraw) from the representation of his client, satisfaction of this rule does not

11  equate with a right to recover fees from a later-obtained settlement or judgment.  The right to

12  recover after withdrawal "is a different matter, and one on which the law takes a more rigorous

13  approach." *Id.*

14       Justifiable cause, such that the attorney may retain his lien and recover in quantum meruit

15  after withdrawal, may be shown where the attorney's withdrawal was mandatory.  The

16  withdrawing attorney has the burden of proof to establish <u>all</u> of the following:

17            (1) counsel's withdrawal was mandatory, not merely permissive, under

18            statute or state bar rules; (2) the overwhelming and primary motivation for

19            counsel's withdrawal was the obligation to adhere to these ethical

20            imperatives under statute or state bar rules; (3) counsel commenced the

21            action in good faith; (4) subsequent to counsel's withdrawal, the client

22            obtained recovery; and (5) counsel has demonstrated that his work

23            contributed in some measurable degree towards the client's ultimate

24            recovery.

25  *Falco*, 188 Cal.App.3d at 1016.

26       Where the attorney's withdrawal was not mandatory and was merely permissive, the

27  reasons for the withdrawal are subject to "heightened scrutiny." *Falco*, 188 Cal. App. 3d at 1016,

28  n. 12 (finding no justifiable cause where attorney withdrew based on client's failure to cooperate,

1  mutual animosity between the attorney and client and a complete breakdown of the attorney-client

2  relationship). In reviewing the policy reasons underlying this approach, the *Rus, Miliband* court

3  noted:

4         To allow an attorney under a contingency fee agreement to withdraw without

5         compulsion and still seek fees from any future recovery is to shift the time,

6         effort and risk of obtaining the recovery (economists would refer to these

7         things as the 'costs' of obtaining recovery) from the attorney, who originally

8         agreed to bear those particular costs in the first place, to the client. The

9         withdrawing attorney gets a free ride as to many of the headaches of

10         litigation which he or she otherwise would have had to endure: answering

11         the client's phone calls, showing up for depositions, responding to discovery,

12         fending off summary judgment motions, preparing for trial, fending off in

13         limine motions, picking a jury, fending off motions for nonsuit, judgment

14         notwithstanding the verdict and new trial if he or she does win, and then, at

15         the end of it all, protecting the fruits of victory by responding to an appeal. It

16         is a very tough row which a contingency fee attorney originally agrees to

17         hoe. Thus it is unassailably unfair to allow him or her to escape that labor

18         absent the most compelling of permissive reasons-reasons that, as *Falco*

19         indicated, must pass heightened scrutiny.

20  *Rus, Miliband*, 113 Cal. App. 4th at 675-76.

21         Spear was not required to withdraw from his representation of the Trustee due to the

22  Trustee's misconduct. Nothing the Trustee did, requested, or failed to do created an ethical

23  dilemma mandating Spear's withdrawal. Instead, it was his own voluntary conduct that resulted in

24  the State Bar filing charges against him. Spear voluntarily decided to stipulate to the suspension of

25  his bar license in exchange for the dismissal of the State Bar's three complaints against him. By

26  agreeing to a two-year suspension, he avoided the costs, risks and uncertainty of a state bar court

27  trial, including the possibility of a more strict punishment. The dismissal of the complaints against

28  him appears to be the "overwhelming and primary motivation" that led to his withdrawal as

7

ORDER DENYING FEES AND STATEMENT OF DECISION

1  counsel for the Trustee.  Thus, Spear fails to satisfy at least two of the five *Falco* requirements.

2  Spear has not met his burden to show that his withdrawal was mandatory and based on justifiable

3  cause.

4      Nor has Spear satisfied the heightened scrutiny applicable following a permissive

5  withdrawal.  The *Rus, Miliband* court opined that, "absent the most compelling of permissive

6  reasons" it was "unassailably unfair to allow" contingency counsel to withdraw permissively and

7  still recover fees from a future recovery because doing so gives the withdrawing attorney a "free

8  ride" and shifts the risk and costs of litigation entirely onto the client.  *Rus, Miliband*, 113 Cal.

9  App. 4th at 675-76.  In such situations, fees are barred due to the "inequity of allowing lawyers to

10  capitalize on their own voluntary actions in leaving clients lawyerless." *Id.* at 675.

11      Here, the Trustee is more than justified in expecting her counsel to maintain his license to

12  practice law throughout the representation; doing so is an irreducible minimum of the attorney's

13  obligation to his client.  Spears' decision to stipulate to the suspension of his license left the Trustee

14  without counsel and caused the estate to incur substantial administrative fees to employ KPC and to

15  defend against Spears' demands for recovery from a pool of funds produced by KPC's labor rather

16  than his own.  Under these circumstances, Spears' permissive withdrawal cannot withstand the

17  heightened scrutiny required under *Rus, Miliband* and *Falco*.

18      Because Spear fails to establish justifiable cause for his withdrawal, his demand for fees is

19  barred under California law and he no longer holds a lien against or any other right to a share of the

20  Settlement Amount or the Louisville Settlement. *Hensel*, 155 Cal. App. 3d at 564.

21

22  **C.  Spear Forfeited the Right to Compensation From The Estate When He Violated His
    Obligations Under Federal Rule of Bankruptcy Procedure 2014(a).**

23      Notwithstanding the foregoing, because Spear was employed by the Trustee to act on behalf

24  of the estate, his right to compensation is governed by the Bankruptcy Code and Rules.

25  "Compensation to professionals acting on behalf of the estate must be based on provisions of the

26  Code. The Code does not provide for fee awards based on state law theories such as quantum

27  meruit." *In re Weibel, Inc.*, 176 B.R. 209, 212  (B.A.P. 9th Cir. 1994).

28

<div align="center">8</div>

> To facilitate the court's policing responsibilities, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor and who seek to recover fees. *See*, 11 U.S.C. § 329; Fed. R. Bankr. P. 2014 & 2016. The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule."

*In re Park-Helena Corp.*, 63 F.3d 877, 880 (9th Cir. 1995).

By its express terms, Rule 2014(a) applies to all employment applications under Bankruptcy Code section 327 and requires an attorney's application for employment to disclose "all of the [applicant's] connections with the debtor, creditors, [or] any other party in interest...." Fed.R.Bankr.P. 2014(a). "If a professional holds a secured interest in assets of the estate, that security interest must be disclosed." *In re Dick Cepek, Inc.*, 339 B.R. 730, 741 (B.A.P. 9th Cir. 2006). Because Spear was employed under Bankruptcy Code section 327(e), he was required to disclose his asserted lien in any potential recovery in the PI Action.

The disclosure requirements are strictly applied and fee arrangements must be described with precision. *Park Helena*, 63 F.3d at 881. An attorney's failure to disclose will not be excused, even if (i) it was not apparent to the attorney that the information was relevant, (ii) a potential conflict was not apparent, or (iii) the attorney deemed the information to be trivial. *Park-Helena*, 63 F.3d at 882, citing *In re Haldeman Pipe & Supply Co.*, 417 F.2d 1302, 1304 (9th Cir.1969). The failure to disclose relevant information, even if negligent or inadvertent, "may result in a denial of all requested fees." *Park-Helena*, 63 F.3d at 882 ("The bankruptcy court in this case concluded that Neben & Starrett's failure to disclose fully the circumstances surrounding payment of the retainer was not negligent or inadvertent, but willful. This finding is not clearly erroneous. There can be no doubt that the firm did know all of the salient facts regarding the payment of the retainer but chose not to reveal them. . . . The court's denial of all fees was within its discretion").

Similarly, because a "bankruptcy court must be able to rely on the veracity of the representations made by an attorney in an application for employment," when an attorney makes false statements in his application for employment, the bankruptcy court has discretion over whether to permit the attorney to receive any fees at all and whether to order the attorney to disgorge fees already received. *In re Lewis*, 113 F.3d 1040, 1044-46 (9th Cir. 1997).

9

1    Rule 2014(a) of the Federal Rules of Bankruptcy Procedure required Spear to disclose his

2  lien in any future recovery in the PI Action and required such disclosures to be full, candid and

3  complete.  Not only did Spear fail to disclose that he asserts a lien on any recovery in the PI Action,

4  Spear declared under penalty of perjury that he had **would not receive a lien** in "property of the

5  Debtor with respect to its representation." Case Dkt. 87 at   Spear's statement was false.  Like the

6  counsel in *Park-Helena*, Spear knew all of the salient facts regarding the Retainer Agreement and

7  his lien and, like that counsel, his decision to misrepresent that he had no lien was willful.  Even if

8  Spear had not subsequently forfeited his lien and right to recovery under California law, by

9  stipulating to his own suspension, his false statements disavowing the existence of any lien violated

10  Rule 2014(a).  By failing to disclose the truth in accordance with Rule 2014(a), Spear forfeited any

11  entitlement he may have had to receive compensation from this bankruptcy estate.  As such, Spear

12  is not entitled to a share of the Settlement Amount, and will be required to disgorge and turnover to

13  the Trustee the $23,112 already paid to him from the Louisville Settlement.

14

15    **D.  Spear Is Bound by his Prior Admission That He No Longer Holds A Lien against
       Property of the Estate.**

16    As an alternative basis for concluding that Spear does not hold a lien against property of

17  this estate, the Court concludes that Spear is bound by the declaration that he made at the time he

18  applied to this Court for employment.  Spear's employment declaration stated under penalty of

19  perjury that he would not receive a lien in the cause of action or its proceeds.  Case Dkt. 87 at

20  11:14-21.  This is directly at odds with his contention in the Fee Application that he "maintains a

21  lien on the state court case as a result of his retainer agreement." Case Dkt. 191 at 12:1-2.  The

22  Court finds that it is appropriate to bind Spear to his prior statement, which constitutes a judicial

23  admission.

24    The Ninth Circuit has held that, at the discretion of the court, statements of fact made in a

25  brief filed in the same case may be considered judicial admissions binding on the party who made

26  them.  *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988).  Similarly,

27  declarations under penalty of perjury can constitute judicial admissions.  *Naylor v. Flavan*, 2009

28  WL 1468708, at *5 (C.D. Cal., May 19, 2009); *In re Shalan Enter., LLC*, 2012 WL 1345328, at *9

1    (Bankr. C.D. Cal., Apr. 17, 2012). Judicial admissions are conclusively binding on the party who

2    made them. *Am. Title Ins.*, 861 F.2d at 226.

3            Under the circumstances presented, the Court finds it appropriate to treat Spear's

4    declaration under penalty of perjury in support of the Spear Employment Application as a judicial

5    admission. In determining whether and on what terms to approve an employment application, the

6    Court relied on the declaration testimony offered in support of the application. The declaration

7    testimony of Spear that he would not "receive a lien in property of the Debtor with respect to its

8    representation" was material to the Court's decision and it would be fundamentally unjust to permit

9    Spear to alter his position at this time. Accordingly, Spear is conclusively bound by his declaration

10    and cannot now assert that he is entitled to the benefit of a lien in the Settlement Amount or the

11    Louisville Settlement.

12            Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

13        A.        Bradley H. Spear's Fee Application is DENIED.

14        B.        Bradley H. Spear and the Law Offices of Bradley H. Spear shall disgorge and

15    turnover to Nancy J. Zamora, chapter 7 trustee, the sum of $23,112 within 60 days of the entry of

16    this Order.

17        C.        The Trustee shall serve this order on Bradley H. Spear within five days of entry of

18    this Order and file a Declaration of Service.

19                                              # # #

20

21

22

23    Date: June 9, 2017

                                            Martin R. Barash
24                                          _____
                                            Martin R Barash
25                                          United States Bankruptcy Judge

26

27

28

CERTIFICATIONS

BRADLEY H. SPEAR - SBN 133371 (On Suspension)
20943 Devonshire St., Suite 206
Chatsworth, CA 91311
(818) 344-5100 - Phone
(818) 337-7134 - Fax

Appellant, In Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | ) CASE NO. 1:12-BK-11446-MB |
| | ) |
| DAVID MICHAEL PARIS, | ) Chapter 7 |
| | ) |
| DEBTOR. | ) |
| | ) **1. CERTIFICATION OF INTERESTED PARTIES, and** |
| | ) **2. CERTIFICATION AND NOTICE OF RELATED** |
| | ) **CASES** |
| | ) |

TO THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that pursuant to United States District Court Central District of California, Chapter IV, Local Rules Governing Bankruptcy Appeals, Cases & Proceedings, Rule 2. Notice of Appeal, Appellant Bradley H. Spear provides the following Certifications:

**Certification of Interested Parties:**

The undersigned, Appellant Bradley H. Spear, In Pro Per, certifies that the following listed parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1.     Nancy J. Zamora, Chapter 7 Trustee

2.     Knapp Peterson & Clarke, L.L.P., Special Litigation Counsel to the Trustee

3.     Providence Holy Cross Medical Center by Providence Health & Services, Creditor

**Certification of Related Cases:**

The undersigned, Appellant Bradley H. Spear, In Pro Per, certifies that the following are known related cases and appeals:

1.    In the United States Bankruptcy Court, Central District of California, San Fernando Division; Case Name: In Re Michael David Paris, Debtor; Case No. 1:12-BK-11446-MB

Appeal from June 9, 2017 Order on Application for Payment of Final Fees and/or Expenses (11 U.S.C. §330) by Special Litigation Counsel Knapp, Peterson & Clarke;

2.    In the United States Bankruptcy Court, Central District of California, San Fernando Division; Case Name: In Re Michael David Paris, Debtor; Case No. 1:12-BK-11446-MB

Appeal from June 9, 2017 Order and Statement of Decision: 1. Denying Final Application for Compensation for Legal Services Rendered by Special Litigation Counsel Bradley H. Spear; and 2. Requiring Bradley H. Spear to Disgorge Sums Previously Received

Respectfully submitted,

DATED:  June 23, 2017                    Appellant

By: Bradley H. Spear, In Pro Per

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

20943 Devonshire St., Suite 206, Chatsworth, CA  91311

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 06/23/2017   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

• Katherine Bunker  kate.bunker@usdoj.com
• Mitchell B Ludwig  mbl@kpclegal.com
• United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
• Edward M Wolkowitz  emw@lnbrb.com
• Steven G. Polard  spolard@eisnerlaw.com

                                     ☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  06/23/2017   , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

                                     ☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/23/2017   , I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

                                     ☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/23/17 | Johnny Fooladi | *(signature)* |
| *Date* | *Printed Name* | *Signature* |

**SERVED BY PERSONAL SERVICE**

6/23/17         JOHNNY FOOLADI                    *Johnny Fooladi*
Date            Printed Name                       Signature
Professionals


Party:  Nancy J. Zamorza, Chapter 7 Trustee
Attorney:
Edward M. Wolkowitz
Levene, Neale, Bender, Yoo & Brill., Suite 700
10250 Constellation Blvd., Suite 1700
Los Angeles, CA  90067

Party:  Providence Holy Cross Medical Center by Providence Health & Services
Attorney:
Steven G. Polard
Eisner Jaffe APC
9601 Wilshire Blvd., Suite 700
Beverly Hills, CA  90210

Party:  David Michael Paris
Attorney:
Paul D. Spear
Law Offices of Paul D. Spear
20943 Devonshire St., Suite 206
Chatsworth, CA  91311

Party:  United States Trustee
Attorney:
Katherine Bunker
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

Party:  Knapp, Peterson & Clarke
Attorney:
Michael B. Ludwig
Knapp, Peterson & Clarke
550 North Brand Blvd.
Suite 1500
Glendale, CA  91203

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**