1  BRADLEY H. SPEAR - SBN 133371 (On Suspension)
   20943 Devonshire St., Suite 206
2  Chatsworth, CA 91311
   (818) 344-5100 - Phone
3  (818) 337-7134 - Fax

4  Appellant, In Pro Per

FILED
JUL - 7 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CASE NO. 1:12-BK-11446-MB |
| MICHAEL DAVID PARIS, | Chapter 7 |
| Debtor. | STATEMENT OF ISSUES ON APPEAL FROM ORDER AND STATEMENT OF DECISION [1] DENYING FINAL APPLICATION FOR COMPENSATION FOR LEGAL SERVICES RENDERED BY SPECIAL LITIGATION COUNSEL, BRADLEY H. SPEAR, AND [2] REQUIRING BRADLEY H. SPEAR TO DISGORGE SUMS PREVIOUSLY RECEIVED [Doc. No. 263] |
| BRADLEY H. SPEAR. | |
| Appellant, v. | |
| NANCY J. ZAMORA, CHAPTER 7 TRUSTEE; and KNAPP, PETERSON & CLARKE, APC | [Federal Rules of Bankruptcy Procedure 8009(a)] |
| Appellees. | |

## Statement of Issues to Be Presented

Appellant, Bradley H. Spear, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the issues to be presented on appeal:

1

The bankruptcy court erred as follows:

1. In holding that an attorney, due to his suspension after stipulation in State Bar Court, will lose all (lien) rights to recover attorney fees earned pre-suspension under his contingency agreement with an injured client in a personal injury case.

2. In finding that an attorney's 'effective withdrawal' from the state court case, due to the suspension of his license resulting from a stipulation in State Bar Court, constituted a 'permissive' withdrawal without 'justifiable cause'.

3. In finding that, regarding the requirement under Federal Rule of Bankruptcy Procedure 2014(a) to "state" all of his "connections with the debtor" in Trustee's Application for Employment of Special Litigation Counsel, an attorney is obligated to declare that, as a result of his contingency fee agreement with Debtor in the state court case, he maintains a lien under state law against future settlement(s) obtained in the case.

4. In finding that an attorney may forfeit his lien rights in the state court case, earned prior to employment in the bankruptcy case, for violation of his obligation to "state" all of his "connections with the debtor" under Federal Rule of Bankruptcy Procedure 2014(a) in the Trustee's Application for Employment as Special Litigation Counsel.

5. In finding that Federal Rule of Bankruptcy Procedure 2014(a) may be applied retroactively, allowing forfeiture of an attorney's right to all contingency fees that he earned under state law prior to his employment by the bankruptcy estate.

6. In finding that Federal Rule of Bankruptcy Procedure 2014(a) preempts state law, allowing forfeiture of an attorney's right to all contingency fees that he earned under state law prior to his employment by the bankruptcy estate.

7. In finding that Federal Rule of Bankruptcy Procedure 2014(a) preempts state law, allowing forfeiture of an attorney's right to recovery of costs that he advanced prior to his employment by the bankruptcy estate.

8. In ordering the disgorgement of contingency fees paid and costs reimbursed to Special Litigation counsel from the proceeds of settlement entered into and earned by him in a state court case when the bankruptcy case was closed and the attorney was not yet employed by the estate.

9. In finding that an attorney, as Special Litigation Counsel, failed to comply with the Federal Rule of Bankruptcy Procedure 2014(a) to "state" all of his "connections with the debtor" in Trustee's Application for Employment of Special Litigation Counsel, after having previously granted Trustee's earlier Motion for Order to Approve Compromise and Distribution of Settlement Funds to the attorney.

10. In finding that, in the context written, the statement in the Declaration of Bradley H. Spear attached to Trustee's Application for Employment of Special Litigation Counsel that "The Spear Law Firm has not received a retainer nor will it receive a lien in property of the Debtor with respect to its representation" was properly interpreted to mean "that he did not hold and would not assert a lien in any recovery realized by the Trustee".

11. The finding that Spear's failure to disclose his lien against any future settlement constituted an intentional and/or willful failure to comply with the requirement under Federal Rule of Bankruptcy Procedure 2014(a) to "state" all of his "connections with the debtor".

12. The finding that Spear's employment declaration stated under penalty of perjury that he would not receive a lien in the cause of action or its proceeds.

DATED:   July 7, 2017

Respectfully submitted,

Appellant

_____
By: Bradley H. Spear, In Pro Per

**SERVED BY MAIL**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 20943 Devonshire St., Suite 206, Chatsworth, CA 91311.

A true and correct copy of the foregoing document entitled (*specify*): **STATEMENT OF ISSUES ON APPEAL FROM JUNE 9, 2017 ORDER ON APPLICATION FOR PAYMENT OF FINAL FEES AND/OR EXPENSES (11 U.S.C. §330) OF APPLICANT KNAPP, PETERSON & CLARKE [Doc. No. 262]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 7, 2017 our office checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Katherine Bunker  kate.bunker@usdoj.com
- Mitchell B Ludwig  mbl@kpclegal.com
- United States Trustee (SV)  ustpregion16.wh.ecf@usdoj.gov
- Edward M Wolkowitz  emw@lnbrb.com
- Steven G. Polard  spolard@eisnerlaw.com

**2. SERVED BY UNITED STATES MAIL**:
On March 17, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒                                                                          Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 30, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367                               ☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2017 | Johnny Fooladi | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                         **F 9013-3.1.PROOF.SERVICE**

**SERVED BY MAIL**

Professionals

Party: Nancy J. Zamora, Chapter 7 Trustee
Attorney:
Edward M. Wolkowitz
Levene, Neale, Bender, Yoo & Brill., Suite 700
10250 Constellation Blvd., Suite 1700
Los Angeles, CA  90067

Party: Providence Holy Cross Medical Center by Providence Health & Services
Attorney:
Steven G. Polard
Eisner Jaffe APC
9601 Wilshire Blvd., Suite 700
Beverly Hills, CA  90210

Party: David Michael Paris
Attorney:
Paul D. Spear
Law Offices of Paul D. Spear
20943 Devonshire St., Suite 206
Chatsworth, CA  91311

Party: United States Trustee
Attorney:
Katherine Bunker
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

Party: Knapp, Peterson & Clarke
Attorney:
Michael B. Ludwig
Knapp, Peterson & Clarke
550 North Brand Blvd.
Suite 1500
Glendale, CA  91203

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                        F 9013-3.1.PROOF.SERVICE